[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Appellant Stephen D. Hachen seeks review of the decision of appellee Ohio Department of Job and Family Services ("ODJFS") denying unemployment benefits to him. Hachen was employed as a hydrogeologist by appellee Hull Associates, Inc. ("Hull"), an environmental-consulting agency. Hull's project manager, Mark Mersmann, terminated Hachen's employment after discovering that Hachen had failed to wear a safety vest on a job site after having been warned to do so.
 {¶ 3} After his employment was terminated, Hachen applied for unemployment benefits. ODJFS initially determined that Hachen was entitled to unemployment benefits due to lack of work. Hull appealed that determination, and ODJFS issued a redetermination of Hachen's benefits and denied his claim, concluding that Hachen's employment had been terminated for just cause. Hachen appealed, arguing that his employment had been terminated in retaliation for his filing of a workers' compensation claim. The Ohio Unemployment Compensation Review Commission ("Commission") affirmed the redetermination of benefits and denied Hachen benefits because its hearing officer found that Hull had terminated Hachen's employment for just cause.
 {¶ 4} After the Commission disallowed further review, Hachen appealed to the Hamilton County Court of Common Pleas. A magistrate affirmed the Commission's denial of benefits, and Hachen filed objections to the magistrate's decision. The common pleas court adopted the magistrate's decision. Hachen then filed this appeal.
 {¶ 5} Hachen now raises two assignments of error. In his first assignment, Hachen contends that the hearing officer erred by not considering evidence of his retaliation claim. In his second assignment, he argues that because he had been told that if he did not wear a safety vest he would be "written up," his termination of employment following his failure to wear a vest was a "bait and switch" and "against public policy, promissory estoppel, and breach of the covenant of good faith and fair dealing."
 {¶ 6} As this court has explained, "We may reverse the commission's decision of `just cause' only if we conclude that the decision was `unlawful, unreasonable, or against the manifest weight of the evidence.'"[1] Further, while we are "not permitted to make factual findings or to determine the credibility of witnesses," we do have the duty to determine whether the evidence in the record supports the commission's decision.[2] What constitutes "just cause" is determined on a case-by-case basis and, generally, is "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing an act."[3]
 {¶ 7} In his first assignment, Hachen claims that there was no just cause for Hull to fire him, because he was prevented from properly developing his claim that Hull had terminated him in retaliation for his filing of a workers' compensation claim. There is no dispute that Hachen had violated several safety rules, including failing to wear a safety vest on one occasion. It was the failure to wear the vest that Hull gave as the reason it had fired Hachen. Hachen had been informed of the importance of wearing the vest several times prior to the termination of his employment.
 {¶ 8} At the hearing, the hearing officer curtailed Hachen's counsel's attempt to ask Hull's project manager whether he had knowledge that Hachen had filed a workers' compensation claim. The hearing officer questioned the relevancy of the question. Counsel replied, "We're alleging retaliatory discharge and if that's the case, then there is [not] a just cause for discharge." The hearing officer responded, "Do you have some evidence right now, because of the fact unless you've got something you can show me that it was retaliatory other than supposition, we're not even going to go any further down that road." When counsel offered to show that a worker's compensation claim was filed just before Hachen's employment was terminated, the hearing officer stated that the filing was inadequate and that he needed some other evidence of retaliation. The hearing officer later allowed Hachen's counsel to make the following proffer: "If [Hachen] were to testify regarding the subject of the Bureau of Workers' Compensation claim, he would testify he was injured on January 17th; reported that to the supervisor January 18th; filed a Workers' Compensation claim which was allowed by letter of March 21st, and that these incidents subsequently happened after that date."
 {¶ 9} We conclude that the trial court did not err. Even had the proffered testimony been allowed, it would not have necessarily demonstrated retaliation, nor would it have defeated the fact that Hachen had violated a safety procedure. We conclude that the agency's decision was not unlawful, unreasonable, or against the manifest weight of the evidence.
 {¶ 10} Hachen's second assignment focuses on the fact that he was fired and not given a written reprimand for failing to wear the vest. Hull's project manager previously had observed Hachen sitting in a truck on-site without his safety vest. The manager told Hachen that if he had seen him walking on the site without the vest, he would have "written him up." According to Hachen, the statement foreclosed Hull from any other type of disciplinary action the next time Hachen was observed walking on a worksite without his safety jacket. The manager testified that Hull had a progressive disciplinary system and that the first step of the system was to write up an employee. The manager also testified that he did not believe that the company had a mandatory line of disciplinary progression. He concurred that he was on-site specifically to check on Hachen. According to the manager, Hachen had a "history of safety issues," and he wanted to ensure that he was following Hull's safety program. We conclude that Hachen's second assignment has no merit.
 {¶ 11} Therefore, the judgment of the trial court is affirmed.
 {¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] Mason v. Administrator, Ohio Bur. of Emp. Serv. (Apr. 7, 2000), 1st Dist. No. C-990573, quoting Tzangas, Plakas Mannos v. Ohio Bur. ofEmp. Serv. (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207, paragraph one of the syllabus.
[2] Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.,73 Ohio St.3d at 696.
[3] Irvine v. Unemp. Comp. Bd. of Review (1985), 19 Ohio St.3d 15,17, 482 N.E.2d 587.